FILED
Charlotte
Nov 05 2025
U.S. District Court
Western District of N.C.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# MISCELLANEOUS CASE NO. 3:25-mc-00 141-MR

| | |
|---|---|
| IN RE: )<br>)<br>MOTIONS TO PROTECT THE )<br>SAFETY AND CONSTITUTIONAL )<br>RIGHTS OF DEFENDANT OR, IN )<br>THE ALTERNATIVE, MOTIONS TO )<br>RELEASE DEFENDANT )<br>_____ ) | **STANDING ORDER** |

**THIS MATTER** is before the Court to address the motions entitled "Motion to Protect the Safety and Constitutional Rights of Defendant, or, in the Alternative, Motion to Release Defendant" (or similarly titled) that have been filed challenging the conditions of confinement of this Court's pretrial (or pre-hearing) and pre-sentence detainees who are being held at the Pike County and Grayson County Detention Centers in Kentucky.

By these motions, counsel generally seek the following relief: (1) an Order requiring the United States Marshal to transport Western District of North Carlina detainees to a different detention facility or (2) an Order directing these defendants be released pending trial or sentencing.

The defendants who have filed these motions have been committed to the custody of the United States Marshals Service, an executive agency that is responsible for executing the Court's orders of detention. To the extent that any of

these defendants challenge the conditions of their detention, such challenge must be brought in the district of confinement as a civil action pursuant to 42 U.S.C. § 1983 or a habeas petition pursuant to 28 U.S.C. § 2241. See 28 U.S.C. § 2241; 42 U.S.C § 1983; 28 U.S.C. § 1391(b); Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) (noting that 28 U.S.C. § 2241 petition should be filed in district of confinement); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Accordingly, the motions will be denied without prejudice to the refiling of the same as a civil action in the Eastern District of Kentucky, the federal judicial district in which the Pike County and Grayson County Detention Centers are located. Additionally, the denial herein is without prejudice to the Defendants raising such issues at sentencing in accord with the § 3553(a) factors.

As for the defendants' requests for immediate release from custody, the issue of release pending trial or sentencing is governed by 18 U.S.C. §§ 3142, *et seq.* Under these statutes, however, the conditions of detention, such as those asserted by these Defendants, are not a factor to be considered in determining whether a defendant should be released or detained. See id. § 3142(g).

Therefore, the Court concludes as a matter of law that any such "Motions to Protect the Safety and Constitutional Rights of Defendant, or, in the Alternative, Motion to Release Defendant" (or similar) or portions thereof seeking relief of the

2

nature set forth above should be and will be denied without prejudice as set forth herein.

The Court may incorporate this Standing Order by reference in a text order disposing of any motion or portion thereof by text order.

**IT IS SO ORDERED.**

_____
Martin Reidinger
Chief United States District Judge

_____
Max O. Cogburn, Jr.
United States District Judge

_____
Kenneth D. Bell
United States District Judge

_____
Frank D. Whitney
Senior United States District Judge

_____
Graham C. Mullen
Senior United States District Judge

_____
Richard L. Voorhees
Senior United States District Judge